NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DIMAS OLIVARES,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   17-70187<br><br>Agency No. A094-149-887<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2022**
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,*** District Judge.

Petitioner Jose Dimas Olivares ("Dimas Olivares"), a native and citizen of

El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

order dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

**1.** Substantial evidence supports the BIA's determination that Dimas Olivares was not entitled to relief on his asylum claim. To be eligible for asylum, Dimas Olivares must establish that he suffered past persecution or a well-founded fear of future persecution. *Id.* at 832; *see also* 8 U.S.C. § 1101(a)(42)(A). When a petitioner contends that he suffered persecution as a result of threats, we look at the surrounding circumstances to determine whether the threats constitute persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). While death threats alone can constitute past persecution, *Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021), in making that determination, we consider whether they "are repeated, specific and combined with confrontation or other mistreatment," *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks and citation omitted).

Dimas Olivares argues that he suffered past persecution when Salvadoran guerillas threatened his parents approximately four to five times in the 1980s, and therefore he is entitled to a presumption of future persecution. 8 C.F.R. § 208.13(b)(1); *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (citation

2

omitted).  We disagree.  While Dimas Olivares's parents were threatened multiple times, Salvadoran guerillas did not confront or otherwise mistreat him or his parents.  Indeed, the threats stopped after Dimas Olivares's parents relocated in El Salvador.  Although the agency could have concluded that the threats constituted persecution, the record evidence does not compel that conclusion.  *Duran-Rodriguez*, 918 F.3d at 1028.  Moreover, by failing to establish past persecution, Dimas Olivares is not entitled to a rebuttable presumption of future persecution.  8 C.F.R. § 208.13(b)(1); *Kaur*, 986 F.3d at 1221.  Accordingly, the BIA's decision to deny Dimas Olivares's asylum claim is supported by substantial evidence.

**2.**  Substantial evidence also supports the BIA's determination that Dimas Olivares is not entitled to relief on his withholding of removal claim.  To qualify for withholding of removal, a petitioner must show that it is "more likely than not" that he would be persecuted on account of a protected ground if he returned to the designated country—a more stringent standard than in the asylum context.  *Duran-Rodriguez*, 918 F.3d at 1029 (citing 8 C.F.R. § 1208.16).  When a petitioner fails to establish that he suffered persecution in the asylum context, he is necessarily ineligible for withholding of removal.  *Id.*

**PETITION DENIED.**